# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON W. NIXON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:07-1174** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **ARAMARK CORP., WARDEN DONATE, SGT. LABORASKI, LT. CARROLL, BARBARA FOX, NURSE PRACTITIONER (TONY), AMOS JULIAN, JOHN TORBECK, JIM BUCKLY, BOB TAUNEY, & BRUCE BESSEMER,** | : | |
| **Defendants** | : | |
| | : | |

## REPORT AND RECOMMENDATION

The plaintiff, an inmate at the Lackawanna County Prison who has moved to proceed *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 on June 28, 2007, alleging that the defendants violated his constitutional rights by failing to accommodate his food allergies.  (Doc. Nos. 1 & 2).  The court preliminarily considered the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and found it insufficient as filed under the pleading requirements for a §1983 claim. (Doc. No. 7).  The court ordered the plaintiff to submit an amended complaint, setting forth very specific instructions to be followed by the plaintiff.  Id.

On August 6, 2007, the plaintiff submitted what he purported to be his

amended complaint. (Doc. No. 8). That document failed to comply with the court's previous order in many ways: it did not identify the basis of the court's jurisdiction, the cause of action, the constitutional violations at issue, a prayer for relief, or the facts beyond what could be gleaned from the brief statements about each individual.   On August 20, 2007, the court ordered that the amended complaint be stricken and gave the plaintiff another opportunity to submit a proper amended complaint that complies with the court's previous order. (Doc. No. 9).  On September 6, 2007, the plaintiff filed a new document that contained additional information pertaining to some of the named defendants as well as some individuals not named as defendants.  (Doc. No. 10).  Once again, the plaintiff failed to comply with the court's previous orders by failing to follow the specific instructions as to what information must be included in the amended complaint, and how that information should be set forth in a single document, using separate numbered paragraphs.   On September 26, 2007, the court granted the plaintiff another opportunity to submit a proper amended complaint, and warned that failure to comply with the court's previous orders will result in a recommendation to dismiss this action.  (Doc. No. 11).  The plaintiff then submitted a letter on October 11, 2007 that was construed as a motion for appointment of counsel, a motion for leave to file a supplemental complaint, and a motion for an enlargement of time to file his "amended" complaint. (Doc. No. 12). On October 29, 2007, this

2

court denied the motion for appointment of counsel and motion for leave to file a supplemental complaint, and granted the plaintiff one last opportunity to submit a proper amended complaint, within thirty days of its order. (Doc. No. 13).   To date, no amended complaint has been filed, nor has any correspondence been filed by the plaintiff.

The plaintiff's failure to file an appropriate amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the sua sponte dismissal of actions against a defendant:

> As was said in Link v. Wabash R.R., where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

3

<u>Kenney v. Cal. Tanker Co.</u> 381 F.2d 775, 777 (3d Cir. 1967) (quoting <u>Link</u>, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court.  Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.  Therefore, because the plaintiff has failed to file a proper amended complaint, and no further contact has been made with the court, the court deems such inaction as justifying dismissal of this action.

On the basis of the foregoing, **IT IS HEREBY RECOMMENDED THAT** the instant action be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: March 5, 2008**

O:\shared\REPORTS\2007 Reports\07-1174.02.wpd

4