IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON W. NIXON,** | : | **CIVIL ACTION NO. 1:07-CV-1174** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **ARAMARK CORP., WARDEN** | : | |
| **DONATE, SGT. LABORASKI, LT.** | : | |
| **CARROLL, BARBARA FOX,** | : | |
| **NURSE PRACTITIONER (TONY),** | : | |
| **AMOS JULIAN, JOHN TORBECK,** | : | |
| **JIM BUCKLY, BOB TAUNEY, &** | : | |
| **BRUCE BESSEMER,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 17th day of April, 2008, upon consideration of the report of the magistrate judge (Doc. 14), recommending that *pro se* plaintiff's action be dismissed for failure to prosecute, to which no objections were filed, and, following an independent review of the record, it appearing that the court granted plaintiff repeated extensions within which to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, (see Docs. 7, 9, 11, 13), that plaintiff was advised that failure to comply would result in dismissal, (see Doc. 11), and that plaintiff has not complied with these orders, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure as permitting *sua sponte* dismissals by the court); Poulis v. State Farm

Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and the court finding that plaintiff was advised of the necessity of complying with the court's orders and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced defendants by requiring them to assume the cost of continued pre-trial and trial preparation, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to respond to the order of court dated October 29, 2007 (Doc. 13), see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is proceeding *in forma pauperis* in this case, (see Doc. 14); see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and that plaintiff's claims, lacking amendment, are without merit, see id. at 689-70 (identifying "[m]eritoriousness of the claim" as a factor)[1], it is hereby ORDERED that:

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

1. The report and recommendation of the magistrate judge (Doc. 14) is ADOPTED.

2. The claims against all defendants are DISMISSED with prejudice for failure to prosecute. See FED. R. CIV. P. 41(b).

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge